499 P.2d 846

The STATE of Utah, Plaintiff and
Respondent,

v.

Larry TREADWAY, Defendant
and Appellant.

No. 12812.

Supreme Court of Utah.

July 19, 1972.

Ellett, J., concurred in the result and
filed opinion.

Robert Van Sciver, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., David S. Young and William T. Evans, Asst. Attys. Gen., Salt Lake City, for respondent.

CALLISTER, Chief Justice:

Defendant appeals from his conviction of the crime of unlawfully possessing marijuana for sale in violation of Section 58–13a–2, U.C.A.1953, as amended 1969. He urges that the trial court committed prejudicial error in its denial of his motion to suppress certain evidence seized under a search warrant on the ground that the affidavit set forth insufficient facts to support a finding of probable cause for the magistrate to issue the warrant.

Defendant was a transient, who rented a unit in a motel in Wendover, Utah. He experienced car trouble and extended his stay. A motel maid, while cleaning his room, observed a broken-up greenish substance on a magazine placed on the dresser. The maid conferred with two other maids, who were also performing cleaning chores, and queried whether the substance was marijuana. One of the maids, who had observed marijuana on approximately ten prior occasions, responded that the substance appeared to be. The maids went to a soda machine for their rest period and encountered the manager of the motel, Mr. Poulsen; they informed him of the disturbed condition of the room and of their observations of the substance. Mr. Poulsen went to the room and observed the greenish, gray, dry substance on the magazine; he returned to his office and telephoned Deputy Carter to inform him that someone was using marijuana. Subsequently Mr. Poulsen conferred with the deputy twice, and the police placed the room under surveillance.

Deputy Carter contacted his superior, Chief Deputy Gillette, in a distant town and relayed the information. Deputy Gillette went before the magistrate to procure a search warrant. Deputy Gillette, in his affidavit, deposed that he had cause to believe and did believe that there were drugs on the premises. He stated that on May 10, 1971, at approximately 2:30 P.M., he had received a telephone call from Deputy Marion Carter and Lynn Poulsen, indicating that they had reason to believe that drugs were in the apartment. He continued that Lynn Poulsen had personally observed marijuana in the apartment and that Poulsen was a reliable informant and former Justice of the Peace. He further swore that Carter had conducted a surveillance of the apartment and believed that drugs were contained therein. The affiant further stated that in his experience with narcotic cases he had found that drug activities continue day and night and that it was important to seize them as soon as possible to avert destruction, and for this reason and the personal observation set forth elsewhere in the affidavit, he requested a direction that the warrant might be served day or night.

The magistrate found probable and reasonable cause for issuance of the search warrant as set forth in the affidavit. The warrant commanded immediate search at any time day or night.

Defendant moved to quash the warrant and to suppress the evidence seized thereunder upon the grounds that the warrant was issued without probable cause and the evidence seized thereunder was in violation of his rights under the Fourth Amendment of the Constitution of the United States.

On appeal defendant contends that the affidavit in support of the search warrant was insufficient to establish probable cause because the affidavit was based on hearsay. Specifically, defendant argues that the only allegation in support of probable cause was the hearsay statement of Mr. Poulsen that he had observed marijuana in the room. Defendant urges that this court should hold the affidavit insufficient and the search warrant invalid, if the affiant does not have positive knowledge of the facts alleged in the affidavit.

■ An affidavit may be based on hearsay information and need not reflect the direct, personal observations of the affiant; however, the magistrate must be informed of some of the underlying circumstances from which the affiant concluded that the informant was credible or his information reliable. The probability, and not a *prima facie* showing, of criminal activity is the standard of probable cause. The magistrate is obligated to render a judgment based upon a common-sense read-

ing of the affidavit.[1] Although the information is almost completely hearsay, the warrant may be upheld, if there be sufficient information in the affidavit to provide a "substantial basis" for crediting the hearsay.[2]

Defendant contends that the affidavit was defective because it contained insufficient facts to support a finding that the information was reliable and that the informant was credible. Defendant emphasizes that there was no allegation that Carter or Poulsen had furnished reliable drug case tips in the past; and, therefore, there was no basis upon which the magistrate could conclude that the informants were reliable and their information could be credited.

■ In United States v. Harris,[3] the court observed that the averment of previous reliability of the informant was not necessary, since the inquiry as to probable cause was whether the informer's *present* information was truthful or reliable. Recent case law has acknowledged that a different rationale exists for establishing the reliability of *named* citizen informers as opposed to unnamed police informers, who are frequently criminals. Those in the latter category often proffer information in exchange for some concession, payment, or simply out of revenge against the subject; under such circumstances, it is proper to demand some evidence of their credibility or reliability. In contrast, the citizen-informer acts with an intent to aid the police in law enforcement or for his own safety; he does not expect any gain or concession for his information. An informer of this type would not have more than one opportunity to supply such information, thus precluding proof of his reliability by indicating previous accurate information which he has supplied. The courts, therefore, treat citizen-informers differently and their testimony is not viewed with the rigid scrutiny as is the testimony of a police informer.[4]

In the instant action, citizen-informer, Poulsen, had no personal interest in defendant's arrest and he did not expect to receive any personal benefit in exchange for the

---

1. Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723, 729 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

2. United States v. Harris, 403 U.S. 573, 580–581, 91 S.Ct. 2075, 29 L.Ed.2d 723, 732 (1971); 10 A.L.R.3d 359, 363, Anno: Search Warrant—Hearsay; State v. Smelser, 23 Utah 2d 347, 463 P.2d 562 (1970); Allen v. Lindbeck, 97 Utah 471, 93 P.2d 920 (1939).

3. Footnote 2, supra.

4. State v. Lamb, Kan., 497 P.2d 275, 286 (1972); State v. Paszek, 50 Wis.2d 619, 184 N.W.2d 836, 842–843 (1971); United States v. Mitchell (8 Cir. 1970), 425 F.2d 1353; People v. Bevins, 6 Cal.App.3d 421, 85 Cal.Rptr. 876, 879 (1970).

**164**

information. It would be unreasonable to demand some showing of his prior reliability as in the case of a traditional police informer. The affidavit in the instant case sets forth facts sufficient to cause a discreet and prudent man to believe that the accused had the property sought to be seized, thus constituting probable cause.[5]

▮ Defendant further asserts that the affidavit was insufficient because it did not set forth the exact time that Poulsen observed the marijuana in the room. Defendant did not urge this ground in the trial court, and this court will not consider this issue for the first time on appeal.[6]

▮ Defendant finally contends that the search warrant was invalid because it did not comport with the requirements of Section 77–54–11, U.C.A.1953. The warrant in the instant action permitted a day or night search.

Section 77–54–11, U.C.A.1953, provides:

The magistrate must insert a direction in the warrant that it be served in the daytime, *unless the affidavits are positive that the property is* on the person or *in the place to be searched;* in which case he may insert a direction that it be served at any time of the day or night. [Emphasis added.]

Defendant interprets this provision to mean that the *affiant* must be positive that the property is in the place to be searched before the magistrate may insert a direction authorizing service day or night. The restrictive construction advocated by the defendant does not conform with the language in the statute, which provides that the affidavit must be positive. The language selected by the legislature indicates an intent that to satisfy the statute the supporting facts in the affidavit must show positively that the property is in the place to be searched. The affidavit in the instant action so indicated this fact.

The judgment of the trial court is affirmed.

TUCKETT, HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (concurring in the result).

I concur in the result but desire to add that it seems absolutely ridiculous to even think of turning a guilty felon free because some appellate court thinks the magistrate did not have any reason to believe that the facts in the affidavit for a search warrant were true. There is no question but what they were true. A search under the war-

---

5. Allen v. Holbrook, 103 Utah 319, 330, 135 P.2d 242 (1943).

6. Wagner v. Olsen, 25 Utah 2d 366, 370, 482 P.2d 702 (1971); Simpson v. General Motors Corporation, 24 Utah 2d 301, 303, 470 P.2d 399, 401 (1970).

rant revealed exactly the articles sought to be found.

It is impossible for me to believe that a guilty felon has been prejudiced by any failure of a magistrate when issuing a search warrant to have grounds to believe that which is absolutely true. The defendant will have his day in court and at the trial the issue will be "is he guilty" and not "was the magistrate imposed upon."

Ellett, J., dissented in an opinion.