**STATE of Utah, Plaintiff and Respondent,**

v.

**Wilbur Henry BAILEY, Defendant and Appellant.**

No. 18558.

Supreme Court of Utah.

Jan. 19, 1984.

L. Long, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

The defendant, Wilbur Henry Bailey, appeals from a conviction of burglary and theft. The trial court denied the defendant's motion to suppress evidence seized pursuant to a search warrant. The only issues on appeal are (1) whether there was probable cause for the issuance of the search warrant, and (2) whether the return of the search warrant was in accordance with state law. We affirm.

A few days after a burglary of a car repair shop, an informant volunteered to a police officer information concerning the recent burglary. The informant told the police that the defendant and another person had shown and offered to sell him tools and car parts; that the defendant in the informant's presence had admitted to another that the defendant had stolen the tools and parts from a store in the vicinity of 3900 South and State Street in Salt Lake City; and that the defendant had stated that he had also taken a customer's car. The informant gave the police the address and a description of the apartment where he had seen the stolen goods. Because he feared retaliation and knew that the defendant and his friend owned guns, the informant asked to remain anonymous.

The informant's stated reason for providing this information was that he considered it his duty as a citizen and wanted to help stop burglaries and thefts. No reward or favor was asked. The police checked the informant's record and found that he had no felony arrests and was not a suspect in any case. Further, the informant had previously given reliable information to the police regarding stolen vehicles.

Acting on the informant's tip, the police verified that there had been a burglary at an automotive repair shop located at 3939 South State Street, Salt Lake City, Utah, and that a customer's car and large quantities of car repair supplies and tools had been stolen. The police then checked the defendant's apartment before asking for a warrant and found that the description the informant gave matched the actual apartment. The police also checked the record of the defendant's friend and found that the friend had an extensive record for burglary and auto theft.

In support of an application to a magistrate for a search warrant, the police relied

on the informant's information, and a warrant was issued. Pursuant to the warrant, the police conducted a search, found several car parts and tools in the apartment, and an inventory of the goods found was made and returned to the magistrate. There is some confusion in the record as to the magistrate's instructions regarding where the return of the search warrant and the inventory were to be filed. In any event, they were returned to the circuit court. The defendant argues that because the documents were filed in the circuit court it was not until the case came to trial in the district court, about five months after the search and seizure, that the defendant first obtained access to the affidavit, warrant, and return.

On appeal, the defendant relies on the Fourth Amendment to the United States Constitution and argues that the affidavit in support of the warrant was defective on its face because it stated no facts establishing the informant's reliability. As support, he cites *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), which hold that the Fourth Amendment requires that affidavits based on informants' tips must set out "underlying circumstances" sufficient (1) to reveal the basis of the informant's knowledge, and (2) to establish the veracity of the informant or alternatively, the reliability of his report in a particular case. In the instant case, the defendant does not dispute the informant's "basis of knowledge." The informant saw the stolen goods and heard the defendant say that he had burglarized an automotive shop. The defendant does, however, dispute whether the veracity of the informant was adequately established. The defendant claims that in the instant case the only reference on the face of the affidavit to the informant's veracity is a statement that "the citizen informant appears to be of good character."

In *State v. Anderton*, Utah, 668 P.2d 1258 (1983), we recently reviewed the two-pronged test of *Aguilar* and *Spinelli*. We observed that the *Aguilar-Spinelli* test is not to be mechanically applied, but that a magistrate should use his common sense in issuing warrants. Quoting from *Spinelli, supra*, 393 U.S. at 419, 89 S.Ct. at 590, we stated:

> [P]robability, and not a prima facie showing, of criminal activity is the standard of probable cause.... [I]n judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions of the use of their common sense, and that their determination of probable cause should be paid great deference by reviewing courts.

We also observed that in *Illinois v. Gates*, — U.S. —, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court recently adopted a flexible "totality of the circumstances" standard and abandoned the more rigid *Aguilar-Spinelli* test. In *Gates* the Court stated:

> [W]e conclude that it is wiser to abandon the "two-pronged test" established by our decisions in *Aguilar* and *Spinelli*. In its place we reaffirm the totality of the circumstances analysis that traditionally has informed probable cause determinations. The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

103 S.Ct. at 2332 (citations and footnotes omitted).

However, even under this standard, compliance with the *Aguilar-Spinelli* guidelines may be necessary to make a sufficient basis for probable cause. Depending on the circumstances, a showing of the basis of knowledge and veracity or reliability of the person providing the information for a warrant may well be necessary to establish with a "fair probability" that the evidence sought actually exists and can be found where the informant states.

In other cases, however, a less strong showing of the basis of the affiant's knowledge, veracity and reliability may be re-

1206

quired, if the circumstances as a whole indicate that the informant's report is truthful. In *Illinois v. Gates, supra,* for example, the informant gave detailed information as to two drug dealers' mode of operation. This information was corroborated in great detail and then a warrant to search the defendants' home and car was issued. The Supreme Court upheld the warrant even though the informant's tip came in the form of an anonymous letter, the informant's veracity was unknown, and the letter was not sufficiently detailed to reveal the basis of the informant's knowledge.

■ In the instant case, the affidavit stated facts which supported the informant's veracity. According to the affidavit, the informant had previously given truthful information to the police concerning the existence of contraband, an accepted method for establishing an informant's veracity. See *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), where the United States Supreme Court held there was a sufficient basis for probable cause of an arrest because the informant had a history of giving reliable information to the police.

Furthermore, the reliability of the informant's statement was "boosted by the detail with which the informant described his personal observation" of the stolen property and the apartment. *State v. Romero,* Utah, 660 P.2d 715, 719 (1983). In addition, some weight should be accorded the fact that the informant, an apparently disinterested person, came to the police and volunteered the information. The informant gave his name, phone, address, and place of employment. He stated that he was a concerned citizen who wanted to stop burglaries and thefts. In *State v. Treadway,* 28 Utah 2d 160, 499 P.2d 846, 848 (1972), we held that information from citizen informants who stand to gain nothing from providing information to the police is not viewed with the same rigid scrutiny as is the testimony of a regular police informant.

■ Finally, it is significant that under the *Gates* "totality of the circumstances"

test there was prior verification of significant facts. In the instant case, the police verified the occurrence of the recent robbery, the existence of the apartment and a prior police record of the individual suspected of having committed the crime. Also, the police investigated the background of the informant and found that he was not a suspect in any case and that he had no prior felony convictions. All this information provided an adequate basis for finding a probability of the reliability of the information provided and the veracity of the informant. In the instant case, the affidavit carefully set out and outlined the sources of verification for each factor.

The defendant also argues that the search warrant and seized items were improperly returned to the circuit court. He relies on U.C.A., 1953, § 77–23–9, as amended. That section reads:

The magistrate shall annex to the depositions and affidavits upon which the search warrant is based the search warrant, the return and the inventory, however, if he is without authority to proceed further with respect to the offense under which the warrant was issued he shall *return them to the appropriate court of the county having jurisdiction* within 15 days after the return. [Emphasis added.]

■ In the instant case, this section was complied with, since the warrant was returned to an appropriate court having jurisdiction. The prosecution was commenced by filing an information in the Salt Lake Department of the Fifth Judicial Circuit Court. Defendant's preliminary hearing was held in the circuit court on December 15, 1980, and that court bound him over to the district court for trial.

The judgment of conviction is affirmed.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.