STATE of Utah, Plaintiff and Respondent,

v.

James B. ESPINOZA and Darla Espinoza, Defendants and Appellants.

No. 20212.

Supreme Court of Utah.

Aug. 4, 1986.

Steven L. Hansen, Murray, for defendants and appellants.

David L. Wilkinson, Atty. Gen., Dave B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

This is an appeal by defendants from a nonjury conviction of possession of a controlled substance with intent to distribute for value, a third degree felony, in violation of U.C.A., 1953, § 58–37–8(a)(ii). Defendants raise three issues: (1) insufficiency of the evidence, (2) improper admission of expert opinion testimony, and (3) insufficiency of the probable cause statement to support the issuance of the search warrant.

On December 5, 1983, Roosevelt City police officers arranged a marijuana buy through a confidential informant. After searching the informant, they gave him $50 (two twenties and a ten) and watched him enter defendants' home. The informant returned with a bag of marijuana. After obtaining a search warrant, the officers searched defendants' home and arrested them.

## SUFFICIENCY OF THE EVIDENCE

Defendants urge that the marijuana and drug paraphernalia found on the premises were for their personal use and that the evidence did not establish otherwise. However, the drug items seized (a large bag containing approximately four and one-half ounces of marijuana, a package of sandwich bags, a silver gram scale, silver forceps with marijuana residue on them, as well as some other incidental drug para-

phernalia), together with the two twenties and a ten in Darla Espinoza's apron, the previous sale to the confidential informant, and Darla Espinoza's statements when the police searched the house all support defendants' convictions.

## EXPERT WITNESS

█ Defendants claims that the trial court erred in allowing Officer Olsen to give his opinion on whether defendants possessed the drug paraphernalia and the four and one-half ounces of marijuana with the intent to distribute the marijuana for value. The record reflects, however, that the court did not permit the officer to give his opinion regarding defendants' purpose in possessing the marijuana. Qualification of a person as an expert witness under the Utah Rules of Evidence, Rule 702, is in the discretion of the trial court. *State v. Locke*, 688 P.2d 464 (Utah 1984); *see State v. Clayton*, 646 P.2d 723 (Utah 1982) (decided under the now superseded Utah Rules of Evidence, Rule 56). We find no abuse of discretion in the court's allowing the officer to testify as an expert. Officer Olsen had been involved in the drug culture as a user and a seller for four or five years prior to becoming a police officer. He had worked for several years as an investigator and demonstrated to the court his knowledge of the current drug culture before the court qualified him as an expert.

## SEARCH WARRANT

█ Defendants attack the search warrant on the ground that it was issued in violation of the *Aguilar-Spinelli* two-pronged standard. *See Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). We abandoned the *Aguilar-Spinelli* test in *State v. Anderson*, 701 P.2d 1099 (Utah 1985), and followed the United States Supreme Court's more recent decisions in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and *Massachusetts v. Upton*, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). The new standard looks at the totality of the circumstances and holds that the affidavit should be viewed in its entirety and in a common sense fashion. Under the *Anderson* standard, the affidavit was sufficient. The officer had recently received information from two confidential informants who were in a position to have information about drug trafficking in the community. One of the informants had previously given the officer reliable information. The officer's investigation had also revealed that defendants had returned from a drug run to Colorado and were receiving an abnormal number of guests into their residence who were staying but a few minutes. Finally, one of the confidential informants purchased approximately one-quarter of an ounce of suspected marijuana from defendants on the day the warrant was issued. Viewed in its entirety and in a common sense fashion, the affidavit set out sufficient facts to support the reliability and credibility of the informants relied upon by the officer as well as the conclusions of the officer.

Defendants' convictions are affirmed.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.