STATE of Utah, Plaintiff and Respondent,

v.

Kelly HANSEN, Defendant and Appellant.

STATE of Utah, Plaintiff and Respondent,

v.

Dale HUNDLEY, Defendant and Appellant.

Nos. 21016, 860136.

Supreme Court of Utah.

Jan. 20, 1987.

128

Gary H. Weight, Provo, for Hundley.

Kent O. Willis, Provo, for Hansen.

David L. Wilkinson, Atty. Gen., Kimberly K. Hornak, Asst. Atty. Gen., Salt Lake City, for State.

PER CURIAM:

Defendants appeal their separate convictions of possession of marijuana with the intent to distribute. U.C.A., 1953, § 58–37–8(1)(a)(ii) (1974 ed.). The trial court denied their pretrial motions to suppress the evidence seized during a search of their apartment. Both defendants contested the sufficiency of the affidavit used to procure the warrant. Because both defendants challenge the same search and make similar contentions on appeal, we consolidate the cases, sua sponte, and affirm both convictions.

On the morning of August 16, 1985, police officers armed with a search warrant entered defendants' two-bedroom apartment. Defendants were still sleeping in their respective bedrooms. Under a pile of dirty laundry in Hundley's bedroom, an officer found a green metal box secured with a padlock. The officer detected an odor of marijuana emanating from the box. Hundley denied any knowledge of the box or its contents, but a key to the lock was found in his pants pocket, hooked onto a keyring attached to his belt loop. A matching key was later delivered by Hansen.

With Hundley's key, the officer was able to open the box. Inside he found a small measuring scale and a plastic bag containing almost one-quarter pound of marijuana. Defendants were both arrested, and the marijuana and scale were seized. A larger measuring scale found on Hundley's bookcase was also seized.

Defendants seek to suppress the evidence obtained in the search on the grounds that: (1) the affidavit in support of the warrant did not contain sufficient infor-

mation to justify the warrant's issuance; and (2) the opening and search of the locked box were not authorized by a separate warrant and lacked probable cause.[1] Hundley further claims that there is insufficient evidence to sustain a finding of his possession.

### The Affidavit and Search Warrant

The police officer's sworn affidavit used to obtain the search warrant relies upon information from a confidential informant as the basis for probable cause to issue the search warrant. The affidavit states that the informant had "supplied the police with information in the past which has resulted in several felony arrests and convictions"; on August 11 (five days previously), the informant was at defendants' apartment and "while there saw a large quantity of marijuana which was being sold in smaller quantities"; and the officer making the affidavit was acquainted with Hundley as he had been previously arrested by Orem City officers for drug violations.

Defendants first argue that the officer's affidavit is inadequate to find probable cause. Under the accepted standard of review, the issue is whether the magistrate had a substantial basis to conclude that in the totality of the circumstances, the affidavit adequately established probable cause for the issuance of a search warrant. *United States v. Angulo-Lopez*, 791 F.2d 1394 (9th Cir.Dist.Or., 1986); *cf. State v. Nielsen*, 727 P.2d 188 (Utah 1986). This Court pays great deference to a judicial determination of probable cause. *State v. Jordan*, 665 P.2d 1280, 1286 (Utah 1983); *State v. Romero*, 660 P.2d 715 (Utah 1983). We conclude that the affidavit amply supports the determination here.

Specifically, defendants assert that under the *Aguilar-Spinelli* test,[2] the warrant is

---

1. Defendants' constitutional claims are based upon the fourth amendment of the United States Constitution. No claim is asserted under our Utah State Constitution, article I, section 14. Therefore, we address the claims presented only

under the federal constitution and cases construing that document's fourth amendment. *See State v. Earl*, 716 P.2d 803 (Utah 1986).

2. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*,

not based on sworn facts which show that the informant was reliable and possessed a sufficient basis of knowledge. Defendants ignore *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and *Massachusetts v. Upton,* 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984), in which the United States Supreme Court abandoned *Aguilar-Spinelli* as a litmus test to determine the adequacy of an affidavit supporting the finding of probable cause to issue a warrant.[3]

■ Search warrant affidavits are to be construed in a common-sense, reasonable manner. *State v. Williamson,* 674 P.2d 132, 133 (Utah 1983); *State v. Purcell,* 586 P.2d 441 (Utah 1978). Excessive technical dissection of an informant's tip or of the nontechnical language in the officer's affidavit is ill-suited to this task. 462 U.S. at 231–32, 235–36, 103 S.Ct. at 2328–30, 2330–31. In *Gates,* the Supreme Court emphasized that an informant's "reliability" and "basis of knowledge" are but two relevant considerations, among others, in determining the existence of probable cause under "a totality-of-the-circumstances." 462 U.S. at 233–34, 103 S.Ct. at 2329–30. They are not strict, independent requirements to be "rigidly exacted" in every case. A weakness in one or the other is not fatal to the warrant so long as in the totality there is substantial basis to find probable cause. *Id.* at 230, 238, 103 S.Ct. at 2328, 2332. The indicia of veracity, reliability, and basis of knowledge are nonexclusive elements to be evaluated in reaching the practical, common-sense decision whether, given all the circumstances, there is a fair probability that the contraband will be found in the place described.[4]

Defendants attack the statement that the informant supplied police "with information

in the past which has resulted in several felony arrests and convictions" as being insufficient indication of the informant's reliability and veracity. We held otherwise in *State v. Bailey,* 675 P.2d 1203, 1206 (Utah 1984), wherein "the informant had previously given the police truthful information, an accepted method for establishing an informant's veracity." *Citing McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *accord State v. Jordan,* 665 P.2d 1280, 1286 (Utah 1983). We have never required that an affidavit be so specific as to detail every prior occasion in which the informant's seed yielded fruit.

■ The reliability of the confidential disclosure was also enhanced by the informant's personal observation of the large quantity of marijuana that was being sold in smaller quantities. *Id.* His information, relied upon by police, was not some remote hearsay or assumption based on circumstantial events. The statement that the drug and its sale were personally observed in defendant's apartment adequately sets forth the informant's basis of knowledge. The circumstances as a whole adequately indicate that the informant's report was truthful.

■ Defendant Hundley challenges the accuracy of the officer's corroborating statement that he was acquainted with Hundley "as he [Hundley] had been arrested by officers ... for controlled substance violations." Hundley argues that no such arrest appears on his "rap sheet." A warrant may be invalid if the supporting affidavit contains a misstatement which "materially affects the finding of probable cause." *State v. Nielsen,* 727 P.2d at 191 (Utah 1986). But, we do not consider this

---

393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

**3.** In arguing the *Aguilar-Spinelli* test to this Court, defense counsel has neither cited nor discussed *Illinois v. Gates, supra,* or its considerable progeny. Interestingly, defendants also fail to recognize our recent cases on this issue, cited in footnote 4, *infra.* We remind counsel that under Rule 40(a) of our Utah Rules of

Appellate Procedure, counsel certifies that his arguments to this Court are "warranted by existing law."

**4.** See *State v. Espinoza,* 723 P.2d 420 (Utah 1986); *State v. Anderson,* 701 P.2d 1099 (Utah 1985); *State v. Bailey,* 675 P.2d 1203 (Utah 1984); and *State v. Anderton,* 668 P.2d 1258 (Utah 1983), each applying the *Gates* analysis.

argument, as it is presented for the first time on appeal, and there is no record before this Court to substantiate Hundley's claim. *State v. Lee*, 633 P.2d 48, 52–53 (Utah 1981), *cert. denied*, 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981).

■ Next, defendants argue that although the informant saw the marijuana on August 11, 1985, there was no basis for the magistrate to assume that the drug would still be present five days later when the warrant was issued. A mere passage of time does not necessarily invalidate the supporting basis for the warrant. In *State v. Anderton*, 668 P.2d 1258 (Utah 1983), we rejected a similar argument when no specific dates were provided by which the issuing magistrate could determine the continuing validity of the information. There, a common-sense reading of that affidavit suggested the continuing nature of the drug's presence.

■ In defendants' case, the suspect was known by police to have been involved in drug violations. The informant viewed a large quantity of marijuana being sold in smaller quantities in the apartment on August 11th. The affidavit further averred that marijuana was still in the apartment. In applying a common-sense interpretation, the affidavit presented a substantial basis on August 16th for the magistrate to conclude that with sufficient probability, some quantity of the illegal drug would still be found in the apartment. *Id.* at 1261.[5]

■ We also reject defendants' argument that the warrant did not authorize the officers to open the locked cash box that was hidden under dirty laundry in Hundley's bedroom. The box could reasonably be expected to contain drugs and was clearly within the reasonable scope of the warrant. It smelled of marijuana. A legal search authorized by valid warrant cannot be thwarted by the experience of concealing the contraband in unusual places. *State v. Romero*, 660 P.2d 715, 718 (Utah 1983). A lawful search of fixed premises generally extends to the entire area in which the contraband could reasonably be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search.[6] A warrant sufficiently describing the premises to be searched authorizes the search of the occupant's containers therein which also reasonably could be expected to contain the contraband sought.

Defendants' argument would permit any search warrant to be thwarted by concealment of the contraband behind multiple locks beyond the front door. Police are not constitutionally required to obtain a separate warrant for each lock to be encountered in the search. *United States v. Morris*, 647 F.2d 568, 573 (5th Cir.1981). The fact that the box was locked did not give defendants any greater expectation of privacy in its contents than defendants' limited privacy expectation in the rest of their apartment in the face of a valid search warrant.

### Sufficiency of Evidence

Finally, defendant Hundley contends that the evidence against him is insufficient to sustain a finding of possession. He relies upon his own evidence to argue that his only link to the crime was his co-tenancy with Hansen. Of course, the fact finder was not obliged to accept his disclaimers, but could draw its own conclusions from the evidence. *State v. Carlson*, 635 P.2d 72, 74–75 (Utah 1981).

■ Actual physical possession is not a required element of the crime of possession of a controlled substance. A finding

5. *Accord United States v. Angulo-Lopez,* 791 F.2d 1394, 1399 (9th Cir.1986); cases cited in Annot., 100 A.L.R.2d 525, § 6 (1965), and 1 W. LaFave, *Search & Seizure* § 3.7(a) n. 12–14 (Supp.1986).

6. *United States v. Ross,* 456 U.S. 798, 820, 102 S.Ct. 2157, 2170, 72 L.Ed.2d 572 (1982); *United States v. Gomez-Soto,* 723 F.2d 649, 654 (9th Cir.), *cert. denied,* 466 U.S. 977, 104 S.Ct. 2360, 80 L.Ed.2d 831 (1984); 2 W. LaFave, *Search and Seizure* § 4.10(b), at 154–55 (1978).

Defendants' reliance on *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), involving the opening of locked cases encountered in the warrantless searches of automobiles, is grossly misplaced. *See Ross, supra.*

of constructive possession by the defendant will satisfy the possession element. To prove that a defendant was in knowing and intentional possession of a controlled substance, the prosecution need only establish that the produced contraband was found in a place or under circumstances indicating that the accused had the ability and the intent to exercise dominion and control over it.[7] The mere occupancy of a portion of the premises where the drug is found cannot, without more, support a finding of its knowing and intentional possession by the accused. There must be some additional nexus between the accused and the contraband to show that the accused had the power and intent to exercise dominion and control over it.[8]

A determination of constructive possession depends on the unique facts and circumstances of each case which establish the requisite connection between an accused and the drug.[9] The evidence is sufficient in this case to establish such a connection between Hundley and his marijuana. The metal box was stashed under his clothing beside his bed. It was locked with his lock. He falsely denied possession of the key. Drug scales sat on his bookshelf. These facts support the finding of his knowing possession with the intent to distribute.

Defendants' convictions are affirmed.

STEWART, J., dissents.

---

**7.** *State v. Fox,* 709 P.2d 316 (Utah 1985); *State v. Carlson,* 635 P.2d at 74; *State v. Winters,* 16 Utah 2d 139, 396 P.2d 872 (1964). *Cf. State v. Bradshaw,* 680 P.2d 1036, 1041 (Utah 1984); *State v. Echevarrieta,* 621 P.2d 709 (Utah 1980).

**8.** *State v. Fox,* 709 P.2d 316, 319 (Utah 1985); *State v. Anderton,* 668 P.2d 1258, 1263 (Utah 1983) (Durham, J., concurring opinion with two justices concurring); *State v. Carlson,* 635 P.2d at 74. *Accord People v. Theobald,* 231 Cal. App.2d 351, 41 Cal.Rptr. 758 (1964); *Petty v. People,* 167 Colo. 240, 447 P.2d 217 (1968); *Glispey v. Sheriff, Carson City,* 89 Nev. 221, 510 P.2d 623 (1973); *State v. Herrera,* 90 N.M. 306, 563

P.2d 100 (N.M.Ct.App.), *cert. denied, Herrara v. State,* 90 N.M. 636, 567 P.2d 485 (1977); *Champeau v. State,* 678 P.2d 1192 (Okla.Crim.App. 1984); *Brown v. State,* 481 P.2d 475 (Okl.Crim. App.1971); *State v. Hystad,* 36 Wash.App. 42, 671 P.2d 793 (1983); *State v. Davis,* 16 Wash. App. 657, 558 P.2d 263, 264 (1977).

**9.** *State v. Fox,* 709 P.2d at 319. *See also* Whitebread & Stevens, *Constructive Possession in Narcotics Cases: To Have and Have Not,* 58 Va.L. Rev. 751 (May 1972); cases cited in Annot., 56 A.L.R.3d 948 (1974).