STATE of Utah, Plaintiff and
Respondent,

v.

Jeannette Marie DRONEBURG,
Defendant and Appellant.

No. 880539-CA.

Court of Appeals of Utah.

Oct. 20, 1989.

James L. Shumate, Cedar City, for defendant and appellant.

R. Paul Van Dam, and Charlene Barlow, Salt Lake City, and Patrick B. Nolan, Panguitch, for plaintiff and respondent.

Before BENCH, BILLINGS and ORME, JJ.

BENCH, Judge:

Defendant Jeannette Marie Droneburg appeals from jury convictions of possession of a controlled substance (methamphetamine), a third degree felony, possession of a controlled substance (marijuana), a class B misdemeanor, and possession of drug paraphernalia, a class B misdemeanor. She argues on appeal that the affidavit in support of a search warrant was constitutionally deficient, and that the trial court committed reversible error in its remarks to the jury following closing arguments. We reverse and remand.

Garfield County Sheriff Robert Judd received information from a confidential informant on April 24, 1987, that methamphetamine, a controlled substance, was to be delivered to a residence in Panguitch, Utah. On April 28, the informant further advised the Sheriff that the individual delivering the methamphetamine had departed California and was to arrive in Panguitch between 2:00 and 4:00 p.m.

On the basis of this information, Sheriff Judd prepared an affidavit for a search warrant. This affidavit sought a no-knock warrant, to be executed at any time, and requested authorization to search for "controlled substance[s] and/or illegal narcotics" at the Panguitch residence and vehicles located at that address. Sheriff Judd explained that his request for a warrant was based on "[i]nformation from reliable informant ... that a supply of illegal substances is coming in." The Sheriff believed the information to be reliable because he had "used this confidential informant before and has found them [sic] to be reliable." No other information was contained in the affidavit. The Sheriff then

presented the affidavit to a justice court judge, who determined that probable cause existed to issue a search warrant.

With warrant in hand, Sheriff Judd and Deputy Sheriff John Niemann began watching the Panguitch residence. At approximately 3:00 p.m., a compact pickup truck with California license plates pulled into the driveway of the residence. The officers followed. By the time they pulled into the driveway, a woman and a boy had exited from the truck and were knocking on the back door of the residence. The woman returned to the truck and identified herself as Jeannette Droneburg. Sheriff Judd questioned her and determined that she had come from California. The Sheriff was apparently satisfied that her route and arrival corroborated the information he had been given by the confidential informant. He then advised her he had a search warrant and began searching the truck.

On the truck bed, Sheriff Judd found a briefcase containing items alleged to be drug paraphernalia, including baggies, straws, a pipe, and playing cards with a white powdery residue on them. He also found various white powdery substances in the briefcase which were later tested and determined to include traces of methamphetamine. In other locations within the vehicle, Sheriff Judd found other items of alleged paraphernalia, such as a "roach" clip, cigarette papers, a pipe, and "cutting agents." An examination of a purse found on the truck bed also yielded a pouch containing a vial, straw, baggie, razor blade, and green leafy material later tested and determined to be three grams of marijuana.

Defendant was arrested and charged with possession of methamphetamine and marijuana, both violations of Utah Code Ann. § 58–37–8(2)(a)(i) (Supp.1989), and use, or possession with intent to use, drug paraphernalia, a violation of Utah Code Ann. § 58–37a–5(1) (1986). Prior to trial, defendant moved to suppress the evidence on the basis that the Sheriff's affidavit did not set forth sufficient information to con-

stitute probable cause to search. The court denied her motion. Following a jury trial on April 22, 1988, defendant was convicted of all charges.

On appeal, defendant reiterates her claim that Sheriff Judd's affidavit in support of the search warrant was constitutionally insufficient to justify the issuance of the warrant.[1] Therefore, she argues, the evidence of controlled substances should have been suppressed and her convictions should be overturned. She also argues that the trial court committed reversible error in its remarks to the jury following closing arguments.

We begin our analysis with the search warrant and its underlying affidavit. The fourth amendment to the United States Constitution and article I, section 14, of the Utah Constitution require that search warrants be issued only with "probable cause," a standard requiring the issuing magistrate to make a reasonable determination whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, *reh'g denied*, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983); *see also State v. Babbell*, 770 P.2d 987, 991 (Utah 1989).

"The fourth amendment requires that when a search warrant is issued on the basis of an affidavit, that affidavit must contain specific facts sufficient to support a determination by a neutral magistrate that probable cause exists." *Babbell*, 770 P.2d at 990. The action of the magistrate, however, must not be "a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. at 239, 103 S.Ct. at 2332–33. *See also Babbell*, 770 P.2d at 990–91. Otherwise, the magistrate becomes only a "rubber stamp" for police, abandoning the neutral and detached role which is "a more reliable safeguard against improper searches than the hurried judgment of a law enforcement officer." *Lo–Ji Sales,*

---

**1.** Since defendant makes no distinction between the protection afforded by the fourth amendment to the United States Constitution and article I, section 14 of the Utah Constitution, we also make no distinction. *See State v. Watts,* 750 P.2d 1219, 1221 (Utah 1988); *State v. Johnson,* 771 P.2d 326, 327 & n. 2 (Utah Ct.App. 1989).

*Inc. v. New York,* 442 U.S. 319, 326, 99 S.Ct. 2319, 2324, 60 L.Ed.2d 920 (1979) (quoting *United States v. Chadwick,* 433 U.S. 1, 9, 97 S.Ct. 2476, 2482, 53 L.Ed.2d 538 (1977)).

Thus, "reviewing courts will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *United States v. Leon,* 468 U.S. 897, 915, 104 S.Ct. 3405, 3416, 82 L.Ed.2d 677, *reh'g denied,* 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984) (quoting *Gates,* 462 U.S. at 239, 103 S.Ct. at 2332–33). Even a search warrant obtained under an officer's "objectively reasonable reliance," i.e., "good faith," cannot be validated if it is clear that the warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon,* 468 U.S. at 923, 104 S.Ct. at 3420–21 (quoting *Brown v. Illinois,* 422 U.S. 590, 610–11, 95 S.Ct. 2254, 2265–66, 45 L.Ed.2d 416 (1975)).

■ The State concedes in this case,[2] and we agree, that the conclusory statements contained in Sheriff Judd's affidavit are inadequate to constitute probable cause to search. The State also concedes that the "good faith" exception of *Leon* is inapplicable, presumably because the affidavit is "so lacking in indicia of probable cause" that it was unreasonable for the officer who prepared the affidavit to rely on a warrant issued on the strength of it. Nonetheless, the State argues that Sheriff Judd obtained sufficient additional information prior to the actual search of defendant's truck to constitute probable cause for a warrantless search.

Because a trial court is in an advantageous position to assess witness credibility, "we will not disturb its factual assessment underlying a decision to ... deny a suppression motion unless it clearly appears that the lower court was in error." *State v. Ashe,* 745 P.2d 1255, 1258 (Utah 1987);

*see also State v. Schlosser,* 774 P.2d 1132, 1135 (Utah 1989); *State v. Griffin,* 754 P.2d 965, 968 (Utah Ct.App.1988). Clear error is indicated when the trial court's factual assessment is against the clear weight of the evidence or it induces a firm conviction that a mistake has been committed. *Ashe,* 745 P.2d at 1258. In view of this standard of review, we may affirm the district court's ruling to admit the evidence on any proper ground. *See State v. Gallegos,* 712 P.2d 207, 209 (Utah 1985). *See also United States v. Allen,* 629 F.2d 51, 57 (D.C.Cir.1980) (denial of motion to suppress will be affirmed if proper for any reason).

Accordingly, we review the evidence offered at defendant's suppression hearing and at trial, *see State v. Mendoza,* 748 P.2d 181, 182 (Utah 1987), to determine whether the search "was justified by an exception to the fourth amendment's warrant requirement." *Gallegos,* 712 P.2d at 209. *See also Washington v. United States,* 401 F.2d 915, 919–20 n. 19 (D.C.Cir.1968); *Coolidge v. New Hampshire,* 403 U.S. 443, 453, 91 S.Ct. 2022, 2031, 29 L.Ed.2d 564, *reh'g denied,* 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120 (1971) (where search warrant was defective, Court considered warrantless search exceptions). We thus consider the State's reliance on the "automobile exception" to the fourth amendment's search warrant requirement. This exception, first articulated by the United States Supreme Court in *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), permits a warrantless search if the police "have probable cause to believe that the automobile contains either contraband or evidence of a crime and that they may be lost if not immediately seized." *State v. Christensen,* 676 P.2d 408, 411 (Utah 1984); *see also State v. Holmes,* 774 P.2d 506, 512 n. 6 (Utah Ct.App.1989).

■ Sheriff Judd obtained information from a confidential informant that a delivery of controlled substances was ex-

---

**2.** We appreciate the State's candor in admitting obvious mistakes. "[T]he State, in vigorously enforcing the laws, has a duty not only to secure appropriate convictions, but an even higher

duty to see that justice is done." *State v. Jarrell,* 608 P.2d 218, 225 (Utah 1980) (citing *Codianna v. Morris,* 594 P.2d 874 (Utah 1979)).

pected. Neither the credibility of the informant nor the reliability of the information was ever established. The record reveals nothing to indicate how, when, or where the information was obtained. Sheriff Judd stated that he had used the informant previously and found "them" to be reliable, but there is no indication as to how many times this occurred, when it last occurred, the circumstances, or even whether one or more informants were involved. Although the veracity, reliability, and basis of knowledge of confidential informants are no longer strict prerequisites for establishing probable cause, they are still "relevant considerations, among others, in determining the existence of probable cause under 'a totality-of-the-circumstances.'" *State v. Hansen*, 732 P.2d 127, 130 (Utah 1987) (quoting *Gates*, 462 U.S. at 233–34, 103 S.Ct. at 2329–30, 76 L.Ed.2d 527). Otherwise, a court cannot determine whether the information was obtained in the context of unreliable circumstances such as casual rumor. *See, e.g., Spinelli v. United States*, 393 U.S. 410, 416, 89 S.Ct. 584, 589, 21 L.Ed.2d 637 (1969).

In addition to the questionable quality of the information obtained by Sheriff Judd, the quantity of information was likewise lacking. The Sheriff was apparently told that methamphetamine was to be delivered to a specific residence in Panguitch. The individual making the delivery was reported to have departed California and would be arriving in Panguitch between 2:00 and 4:00 p.m. on April 28. The Sheriff also had information that the vehicle making the delivery had out-of-state license plates, but he had no other information describing the vehicle. Furthermore, the Sheriff was not told who would be delivering the contraband, nor even whether the individual was male or female. He apparently had no information as to how much controlled substance to expect or who was to deliver or receive it. In short, the Sheriff had not established that there was a "fair probability" that evidence of a crime was to be found in a particular place.

The State argues, however, that *after* the arrival of defendant's vehicle within the expected time frame, and with its California license plates, the Sheriff ultimately assembled enough additional information to constitute probable cause for a warrantless search. Although defendant's arrival may have corroborated some of the Sheriff's information,[3] it certainly was not substantial, independent information that would establish probable cause. *See Spinelli*, 393 U.S. at 417–18, 89 S.Ct. at 589–90. We have already concluded that the search warrant was not supported by sufficient information. Partial corroboration of this deficient information does not transform the underlying facts and circumstances into probable cause. Without the requisite probable cause, grounds for a warrantless vehicle search under the *Carroll* doctrine were never established.

We are convinced that the State failed to establish probable cause for the search of defendant's vehicle. We conclude, therefore, that the trial court erred in denying defendant's motion to suppress the seized evidence. Although the search uncovered a small quantity of incriminating evidence, we cannot ignore "[t]he overriding purpose of the fourth amendment's provision prohibiting unreasonable searches and seizures [—which] is to safeguard personal privacy against arbitrary and unwarranted intrusions by governmental officials." *State v. Nielsen*, 727 P.2d 188, 190 (Utah 1986), *cert. denied*, 480 U.S. 930, 107 S.Ct. 1565, 94 L.Ed.2d 758 (1987). Since an error amounting to a violation of the federal constitution requires reversal unless it is harmless beyond a reasonable doubt, we reverse defendant's convictions. *See State v. Tuttle*, 780 P.2d 1203, 1213–1214 (Utah 1989).

We have no way of ascertaining what other evidence the State might have intro-

---

**3.** In retrospect, only some of the Sheriff's information was corroborated. The discovery of methamphetamine "residue" and a small pouch of marijuana hardly constitutes a "delivery" of controlled substances. Defense counsel, in point of fact, asked Sheriff Judd at trial, "[Y]ou were looking for a much larger quantity of controlled substance than was found ... is that right? Answer: That's correct."

duced had the motion to suppress been properly granted; we therefore grant defendant's motion to suppress and remand the case for retrial. *See Gilbert v. United States,* 291 F.2d 586, 597 (9th Cir.1961), *vacated and remanded,* 370 U.S. 650, 82 S.Ct. 1399, 8 L.Ed.2d 750 (1962), *aff'd,* 359 F.2d 285 (9th Cir.1966).

In view of our decision, we need not reach defendant's remaining claim regarding remarks made by the trial court. Those remarks concerned the very evidence that should have been suppressed and will not be available to the State on retrial. Thus, even if the remarks constituted error, the error is not one which will be repeated.

Defendant's convictions are reversed and the case is remanded for retrial or other proceedings consistent with this opinion.

BILLINGS and ORME, JJ., concur.