The STATE of Utah, Plaintiff
and Appellee,

v.

Robert M. BROWN, Defendant
and Appellant,

The STATE of Utah, Plaintiff
and Appellee,

v.

David E. ELKINS, Defendant
and Appellant,

The STATE of Utah, Plaintiff
and Appellee,

v.

Susan B. ELKINS, Defendant
and Appellant.

Nos. 890554–CA, 890555–CA
and 890556–CA.

Court of Appeals of Utah.

Sept. 12, 1990.

Herschel Bullen (argued), McDonald &
Bullen, Salt Lake City, for defendants and
appellants.

R. Paul Van Dam, State Atty. Gen. and
Charlene Barlow (argued), Asst. Atty.
Gen., Salt Lake City, for plaintiff and ap-
pellee.

Before BILLINGS, JACKSON, and
NEWEY [1], JJ.

## OPINION

BILLINGS, Judge:

Robert M. Brown, David E. Elkins, and
Susan B. Elkins appeal the trial court's
denial of their motion to suppress evidence
seized under a search warrant. Each de-
fendant entered a conditional plea of guilty
to possession of a controlled substance
with intent to distribute, a third degree
felony, in violation of Utah Code Ann.
§ 58–37–8(1)(a)(iv)(1990), reserving the
right to appeal the denial of their motion to

---

1. Robert L. Newey, Senior Juvenile Court
Judge, sitting by special appointment pursuant

to Utah Code Ann. § 78–3–24(10) (1990).

suppress. See *State v. Sery*, 758 P.2d 935 (Utah Ct.App.1988). We affirm.

On November 4, 1988, Crime Solvers received a telephone call from a person who identified himself and reported that marijuana was present at 1268 and 1276 Montgomery, Salt Lake City, Utah. Crime Solvers contacted the Metro Narcotics Task Force. Detective Jensen then contacted the informant, who described the houses and attached greenhouses and said marijuana was being grown and sold from the area. Detectives Jensen and Caffery went to the addresses, verified the description of the houses, including the greenhouses, and approached the backs of the houses along a canal bank public right of way. As they approached, they smelled a "pungent" aroma which they identified as marijuana. They also saw a plant pressed against the translucent panel of one of the greenhouses which appeared to them to be marijuana.

Based on this information, Detective Caffery signed an affidavit and a search warrant was issued. The affidavit described the telephone call to Crime Solvers and explained that the citizen informant said he had confronted children with baggies of marijuana brought from the buildings. The affidavit stated the affiant considered the information from the informant to be reliable because the informant identified himself to Crime Solvers and had a "particularized interest in the welfare of one of the children." Affiant also stated the officers personally verified the many small details given by the informant and while walking along the back of the greenhouses, encountered the "unique smell of large quantities of green marijuana." The affidavit continued stating that through the translucent panels of one of the greenhouses the officers had seen large plants and what appeared to be the silhouette of a marijuana leaf pressed against the panel. However, when the search warrant was executed, Detective Caffery determined the leaf was not a marijuana leaf.

Defendants moved to suppress the evidence seized claiming the search warrant affidavit did not contain sufficient particularized facts to establish probable cause

and contained false and misleading information as to the identification of a marijuana leaf. Thus defendants claimed the warrant was defective. The trial court denied the motion to suppress and this appeal followed.

## PROBABLE CAUSE

Defendants first argue the affidavit failed to support the issuance of the search warrant because it did not contain sufficient facts to establish probable cause. The United States Constitution and the Utah Constitution both require a finding of "probable cause supported by oath or affirmation" before a search warrant may be issued. U.S. Const. amend. IV; Utah Const. art. I, § 14; *see State v. Miller*, 740 P.2d 1363, 1365 (Utah Ct.App.), *cert. denied*, 765 P.2d 1277 (Utah 1987).

A trial court does not conduct a de novo review in determining if there is probable cause to support the issuance of a search warrant, *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983); *State v. Babbell*, 770 P.2d 987, 991 (Utah 1989); *Miller*, 740 P.2d at 1366, but rather must "pay great deference to the magistrate's decision." *Babbell*, 770 P.2d at 991 (quoting *Gates*, 462 U.S. at 238–39, 103 S.Ct. at 2332).

In reviewing the trial court's determination "we will not disturb its factual assessment underlying a decision to ... deny a suppression motion unless it clearly appears that the lower court was in error." *State v. Ashe*, 745 P.2d 1255, 1258 (Utah 1987); *see State v. Stromberg*, 783 P.2d 54, 57 (Utah Ct.App.1989), *cert. denied*, 795 P.2d 1138 (Utah 1990).

The standard of probable cause is described as being "only the probability, and not a prima facie showing, of criminal activity." *Gates*, 462 U.S. at 235, 103 S.Ct. at 2330 (quoting *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969)); *see State v. Bailey*, 675 P.2d 1203, 1205 (Utah 1984).

Utah appellate courts have adopted the totality of the circumstances test first adopted by the United States Supreme

Court in *Gates,* 462 U.S. at 230, 103 S.Ct. at 2328, for determining whether there is probable cause to support the issuance of a search warrant, *State v. Hansen,* 732 P.2d 127, 129–30 (Utah 1987); *Miller,* 740 P.2d at 1365, rejecting rigid application of the hypertechnical *Aguilar–Spinelli* "two-pronged" test.[2] Accordingly, the magistrate must consider all the circumstances set forth in the affidavit and make a "practical, common-sense decision whether . . . there is a fair probability" that criminal evidence will be found in the described place. *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332; *see Babbell,* 770 P.2d at 991; *Bailey,* 675 P.2d at 1205; *State v. Droneburg,* 781 P.2d 1303, 1304 (Utah Ct.App.1989).[3]

Although the *Aguilar–Spinelli* guidelines are not to be mechanically applied, they are useful even under the totality of the circumstances test for determining whether the facts establish probable cause. The United States Supreme Court has stated that the veracity, reliability and basis of knowledge of an informant "should be understood simply as closely intertwined issues that may usefully illuminate the common sense, practical question of whether there is probable cause to believe that contraband or evidence is located in a particu-lar place." *Gates,* 462 U.S. at 230, 103 S.Ct. at 2328; *see Hansen,* 732 P.2d at 130; *Droneburg,* 781 P.2d at 1306.[4]

Courts view the testimony of citizen informers with less rigid scrutiny than the testimony of police informers. *State v. Treadway,* 28 Utah 2d 160, 499 P.2d 846, 848 (1972). In *Miller,* 740 P.2d at 1364, statements in the search warrant were based on information from defendant's neighbors. The court noted that "the average neighbor witness is not the type of informant in need of independent proof of reliability or veracity." *Id.* at 1366; *see State v. Harris,* 671 P.2d 175, 180 (Utah 1983). This is because citizen informers, unlike police informers, volunteer information out of concern for the community and not for personal benefit.[5]

In the instant case, a citizen telephoned Crime Solvers, identified himself, and volunteered information because he had a particularized interest in one of the children who brought marijuana from the described buildings. The informant was a concerned citizen, not a confidential police informant expecting some personal benefit from disclosing information. Therefore, his veracity should not be subject to rigid

---

**2.** *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The two-pronged test required the affidavit to set forth sufficient underlying circumstances to establish (1) the basis of knowledge of the informant, and (2) the informant's veracity or reliability.

**3.** The magistrate must have sufficient facts to determine there is probable cause and not merely ratify "the bare conclusions of others." *Droneburg,* 781 P.2d at 1304 (quoting *Gates,* 462 U.S. at 239, 103 S.Ct. at 2332); *see also Babbell,* 770 P.2d at 990–91. For example, it is not sufficient if the search warrant affidavit states only that an informant told the affiant that controlled substances were to be delivered at a certain residence and that the affiant believed the information to be reliable because the informant had been reliable in the past. *See Droneburg,* 781 P.2d 1303. The magistrate must be able to determine from the facts, and not merely from others' conclusions that probable cause exists.

**4.** In some cases, a showing of the veracity, reliability, and basis of knowledge of an informant may be necessary to establish probable cause such as when the circumstances do not readily indicate the truthfulness of the informant. *Bailey,* 675 P.2d at 1205. In other cases, *Gates,* for example, they may serve merely as guides. In *Gates,* an anonymous informant described in detail defendants' *modus operandi* in drug activity and officers corroborated much of this information. "The Supreme Court upheld the warrant even though the informant's tip came in the form of an anonymous letter, the informant's veracity was unknown, and the letter was not sufficiently detailed to reveal the basis of the informant's knowledge." *Bailey,* 675 P.2d at 1206.

**5.** *See, e.g., Bailey,* 675 P.2d at 1206 (weight given to fact that identified, citizen informer volunteered information to stop burglaries); *Treadway,* 499 P.2d at 848 (reliability evidence not required when citizen informer not personally interested); *Miller,* 740 P.2d at 1366 (unidentified neighbors' veracity assumed); *Stromberg,* 783 P.2d at 57 (friend of defendant's daughter akin to average neighbor witness even though she supplied the information during another police investigation).

scrutiny. In addition, the informant claimed to have personally confronted the children with baggies of marijuana and thus had personal knowledge of the information he supplied to police. Further boosting the informant's reliability is the detail with which he described the houses and greenhouses.

The officers went to the addresses identified and verified the details of the houses and greenhouses described by the informant.[6] They also verified the fact that defendant David Elkins owned both homes. The officers personally verified all of the information that could be verified by observation and "[h]aving personally verified all but one piece of information provided by the informant, the officer thus had reasonable grounds to believe that the remaining piece ... was also true." *State v. Anderson*, 701 P.2d 1099, 1102 (Utah 1985); *see also Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) (officer personally verified all physical information except whether defendant carried heroin).

In addition, the officers independently observed other significant facts. As they walked behind the houses and greenhouses they smelled the unique odor of green marijuana and observed what appeared to be a marijuana leaf pressed against the translucent panel of one of the greenhouses. These independent observations by the officers buttressed the information supplied by the citizen informant and corroborated by the officers.

Defendants argue the affidavit contains no reference to the time the informant confronted the children with the baggies of marijuana, and thus there is no probable cause to believe the illegal substance would be found at the time the warrant was executed. The affidavit need not set forth a specific reference to the time of the informant's observations in order for the search warrant to be valid. *State v. Anderton,*

668 P.2d 1258, 1261 (Utah 1983). Rather, search warrant affidavits should be interpreted in a common sense manner. *Id.* Where the affidavit describes a single, isolated violation, it can reasonably be assumed that probable cause diminishes quickly with time. *United States v. Johnson*, 461 F.2d 285, 287 (10th Cir.1972). "However, where the affidavit properly recites facts indicating activity of a protected and continuous nature, a course of conduct, the passage of time becomes less significant." *Id.; see Stromberg*, 783 P.2d at 57.

Here, the affidavit recites facts indicating the defendants were involved in the continuous and ongoing production and sale of marijuana. Therefore, the absence of a specific time reference does not prevent a finding of probable cause. In addition, the affidavit contains present tense language, *see Anderton*, 668 P.2d at 1261, and the officers verified many of the facts given by the informant the very day the affidavit was drafted and the search warrant issued.

We conclude that, given the totality of the circumstances, the search warrant was supported by an affidavit containing sufficient particularized facts to establish probable cause. In so concluding, we note that the facts in the instant case are substantially similar to those in *Gates*, where the United States Supreme Court upheld the issuance of a search warrant based on partially corroborated information from an anonymous informant. In *Gates*, an informant mailed an anonymous letter to police describing the defendants' *modus operandi* in drug dealing. *Gates*, 462 U.S. at 225, 103 S.Ct. at 2325. Police corroborated the name and address of one of the defendants, and substantially corroborated the defendants' *modus operandi* by observing their activities. *Id.* at 226, 103 S.Ct. at 2325. There was no indication of the basis of the informant's knowledge nor was there any indication of the informant's reliability or

---

6. Defendants contend that these details should have been set forth in the affidavit and possibly included no more than the color of paint and location of windows. The affidavit did state that the officers confirmed the fact that the greenhouses were attached to the rear of both houses. Even if these were the only details, they equal the significance of the details verified in *State v. Anderson*, 701 P.2d 1099, 1102 (Utah 1985) (wooden fence approximately six feet high and enclosing an area 100 feet by 100 feet), where the court upheld the warrant.

honesty. Nevertheless, the Court found sufficient evidence in the citizen informant's detailed description and the corroboration by police to establish probable cause and upheld the warrant.

Similarly, in the instant case the informant gave a detailed description of defendants' premises and explained that marijuana was growing in the greenhouses. The officers verified the ownership of the premises and the detailed description given by the informant. The officers also independently observed the existence of large plants in the greenhouses and what appeared to be a marijuana leaf, and noted the distinctive odor of green marijuana as they walked past the greenhouses. The present case weighs even more heavily on the side of probable cause than *Gates* because the informant identified himself to Crime Solvers and stated he had received the information by confronting children and observing the baggies of marijuana they carried.[7] In sum, we do not find the trial court's decision to deny the motion to suppress was clearly in error.

### FALSE AND MISLEADING INFORMATION

■ Finally, defendants argue the trial court erred in not finding that Detective Caffery knowingly, or with reckless disregard for the truth, included false and misleading information in the search warrant affidavit. In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the United States Supreme Court held that where a defendant shows by a preponderance of the evidence that affiant made a false statement, intentionally, knowingly, or with reckless disregard for the truth, the false material must be set to one side and probable cause determined by the affidavit's remaining content. *Id.* at 155–56, 98 S.Ct. at 2676. If the remaining content is insufficient to establish probable cause, the warrant must be voided. *Id.;* see *State v. Nielsen*, 727 P.2d 188, 191 (Utah 1986), *cert. denied*, 480 U.S. 930, 107 S.Ct. 1565, 94 L.Ed.2d 758 (1987); *State v.*

*Miller*, 740 P.2d 1363, 1366 (Utah Ct.App.), *cert. denied*, 765 P.2d 1277 (Utah 1987).

Defendants assert that the following statement in the affidavit is false: "Large plants were evident through the translucent panels in the greenhouse including one pressed against the panel that had the silhouette of a marijuana leaf." At trial, testimony established that the plant with the silhouetted leaf was not marijuana, but was a plant with similar leaves. The trial court found that the defendants did not prove by a preponderance of the evidence that the affidavit contained false statements made knowingly or with reckless disregard for the truth. The trial court is in the best position to assess witness credibility in a motion to suppress hearing, and we do not find the factual determinations underlying its decision in this case clearly erroneous. *See State v. Sierra*, 754 P.2d 972, 974 (Utah Ct.App.1988).

### CONCLUSION

In summary, we find that based on the totality of the circumstances, the search warrant affidavit supported a finding of probable cause to believe marijuana would be found at the places searched. The circumstances supporting probable cause are: the informant was a citizen, assumed to be reliable and honest, who received the information through personal observation; the informant gave a detailed description of the premises which was substantially corroborated by police; the officers independently observed other significant facts; the information supporting the issuance of the warrant was not stale; and the affidavit did not contain false and misleading information.

Therefore, we affirm the judgment of the trial court.

JACKSON and NEWEY, JJ., concur.

---

**7.** Because we conclude the search warrant was supported by probable cause, we do not reach the issue of whether the good faith exception of

*United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), applies in this case.