The STATE of Utah, Plaintiff and Respondent,

v.

Russell G. SLOWE, Sr., Defendant and Appellant. (Two cases).

Nos. 19990, 20070.

Supreme Court of Utah.

Dec. 30, 1985.

Rehearing Denied Dec. 3, 1986.

Peter W. Guyon, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Dave B. Thompson, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

In case No. 20070, the defendant, Russell G. Slowe, Sr., appeals a conviction for attempted theft, a third degree felony for which he was sentenced to zero to five years in prison, and in case No. 19990, he appeals a conviction for theft, a class A misdemeanor, for which he was sentenced to 364 days in a county jail. We affirm both convictions.

I.

Case No. 20070 arises from what was essentially a sting operation. The operation was set up by Ogden City police officers to afford Slowe the opportunity to purchase an alleged stolen ring from a police informant. The informant was given the ring and instructed on what to say and how to conduct the transaction. He then entered Slowe's store, and sold the ring to Slowe. After the informant left the store he informed the police that the transaction had taken place as planned. The police monitored the operation visually and by radio transmitter and recorded the transaction on a micro-cassette.

Sometime prior to the actual transaction, an officer prepared a probable cause affidavit alleging events that he anticipated would happen, but had not yet actually occurred. However, he did not sign the affidavit until after the sting operation had occurred. The operation took place essentially according to the plan, and the officer then signed the affidavit before a magistrate and obtained a search warrant.

Slowe claims that under the rule stated in *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the search warrant that was issued and executed was invalid because the affidavit on which it was based was prepared before the events described in it took place and because the affidavit was inaccurate. False statements in a probable cause affidavit made knowingly, intentionally, or recklessly, can invalidate a warrant issued in reliance thereon. *Id.* The statements made in the affidavit in this case, however, were essentially accurate. The minor discrepancies that did occur did not undermine the essential truth of the allegations or rise to the level of knowingly, intentionally, or recklessly making a false statement. *See State v. Poland,* 132 Ariz. 269, 645 P.2d 784, 794–95 (1982), where the court held that recklessness exists only if the affiant officer seriously doubts the truth of his statements. *See also State v. Lindner,* 100 Idaho 37, 592 P.2d 852, 856–57 (1979), which held that a warrant was not invalid because of an unintentional oversight.

We do not generally condone either the preparation of probable cause affidavits or the issuance of search warrants prior to the occurrence of the events described in the affidavit. If, however, pre-preparation is necessary in certain special circumstances, the affiant must, prior to signing the

affidavit before a magistrate, verify that the facts alleged are true. That is essentially what happened here. On these facts, we hold that the search warrant was valid.

Slowe also asserts that the evidence of the value of a ring, which he was convicted of stealing, was not sufficient to establish the ring's fair market value at more than $1,000. Slowe's conviction of theft would constitute only a class A misdemeanor rather than a third degree felony if there were no evidence that the ring was worth more than $1,000. *See* U.C.A., 1953, §§ 76–6–412 and 76–4–102(3).

■ Fair market value of the goods stolen in the area where the theft occurred is the standard for valuing property in theft cases. Fair market value has been defined as "what the owner could expect to receive, and the amount a willing buyer would pay to the true owner for the stolen item." *State v. Logan,* Utah, 563 P.2d 811, 813 (1977).

■ Slowe contends the State's witness testified that the ring had a replacement value of $2,878 or an estate value of approximately 60% of that. Slowe's own expert witness testified that the stolen ring had a fair market value of between $650 and $1,200. Defendant asserts that replacement value and estate value are not the same as fair market value, and that therefore, there was insufficient evidence to convict him of a third degree felony.

Fair market value is not the equivalent of "replacement cost or the price at which someone would sell under urgent necessity," *State v. Gorlick,* Utah, 605 P.2d 761, 762 (1979). If Slowe's characterization of the State's expert testimony were correct, his conviction would have to be reduced to a misdemeanor, since his own expert's valuation of between $650 and $1,200 was inadequate to sustain the felony conviction. On his expert's testimony alone there would be no rational basis for the jury's choosing the higher rather than the lower figure. However, the defendant does not accurately characterize the State's expert witness' testimony. The State's expert witness' appraisal was in actuality an appraisal of the fair market value of the ring.

■■ Slowe also contends that the prosecutor's use of the word "fence" during closing argument amounted to reversible error. We disagree. A prosecutor's comments warrant reversal only if (1) the comments called the jury's attention to matters the jury was not justified in considering, and (2) the jurors were probably influenced by the remarks. *State v. Smith,* Utah, 700 P.2d 1106, 1112–13 (1985); *State v. Valdez,* 30 Utah 2d 54, 60, 513 P.2d 422, 426 (1973). Calling Slowe a "fence" did not draw the jury's attention to a matter it was not justified in considering. Under § 76–6–408(2)(b), if a defendant has received other stolen goods within one year prior to the present charge, that fact gives rise to some inference that the defendant knew these goods were stolen. Slowe previously had been convicted of receiving stolen property within the year preceding this charge. Since reference to the prior conviction was permitted by statute, the prosecutor's comments did not constitute reversible error.

■ In addition, Slowe asserts that introduction of his prior perjury conviction was improper. This contention is also without merit. Utah R.Evid. 609(b) requires that before evidence of a conviction which is more than ten years old may be admitted, the court must determine that its probative value outweighs its prejudicial effect and the proponent must give the adverse party "sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." Utah R.Evid. 609(b). The record indicates that the trial court weighed the probative value of the conviction against its prejudicial effect and determined that since the credibility of the police informant and Slowe was a critical issue, the perjury conviction would be more probative than prejudicial. We are aware that what is probative is likely to be prejudicial if it has any evidentiary cutting edge at all. In view of that, the term "prejudicial" should be construed to mean inflammatory in the sense that the jury may use the conviction against the defendant for

purposes other than determining the defendant's credibility, and therefore would tend to induce the jury to render a verdict outside the relevant substantive evidence bearing on the material elements of the crime.

█ The prosecutor's failure to give Slowe written notice of intent to use the conviction was clearly error; however, the error was harmless. Slowe had actual notice of the prosecutor's intent to use the perjury conviction and on a motion *in limine* moved to suppress it.

The conviction in case No. 20070 is affirmed.

## II.

Case No. 19990 arose from a search pursuant to a warrant following the sting operation described above. During that search, the police observed several items, other than the ring they had seized, which they suspected were stolen. They copied down the serial numbers and checked the police computer. After verifying that some of the goods were stolen, the police obtained another search warrant, pursuant to which they seized the stolen goods. On the basis of those stolen items, Slowe was charged with theft.

█ Slowe claims that several jury instructions were erroneous and therefore prejudicial. It is black letter law that this Court will not reverse for erroneous jury instructions unless there is a reasonable likelihood that absent the errors, there is a reasonable possibility that the defendant might have prevailed. *State v. Fontana,* Utah, 680 P.2d 1042, 1048 (1984). Slowe's claims go to technical variations between the language of the statutes and the jury instructions. We are convinced that these variations had no effect on the result in this case.

Slowe's other claims were not properly preserved in the trial court, and therefore we do not address them.

The conviction in case No. 19990 is affirmed.

HALL, C.J., and DURHAM, HOWE and ZIMMERMAN, JJ., concur.