STATE of Utah, Plaintiff and Appellee,

v.

Bryant COLLARD, Defendant
and Appellant.

No. 900246-CA.

Court of Appeals of Utah.

April 22, 1991.

Shelden R. Carter (argued), Harris & Carter, Provo, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., David B. Thompson (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BENCH, JACKSON and RUSSON, JJ.

## OPINION

BENCH, Judge:

Defendant Bryant Collard appeals his convictions of possession of a controlled substance in violation of Utah Code Ann. § 58-37-8(2)(a)(i) (1990), and possession of marijuana without affixing a state stamp in violation of Utah Code Ann. § 59-19-106(2) (Supp.1989). We affirm the conviction for possession of a controlled substance, but vacate the conviction for possession of marijuana without affixing the required tax stamp.[1]

On April 29, 1989, Officers Nielsen and Teuscher of Provo City Police Department intercepted and followed a truck driven by a Rex Taylor. The officers had been informed by a confidential informant that Taylor would be transporting a large quantity of marijuana. As the officers followed Taylor to several locations, they observed what appeared to be drug transactions. They followed Taylor as he took a long circuitous route to defendant's residence, at 130 East 350 North, Orem, Utah. At that address, the officers saw Taylor deliv-

---

1. The State stipulates to the vacation of the conviction for possession of marijuana without affixing a state tax stamp. We therefore vacate that conviction without discussion.

er to a person a bag approximately the size of a grocery bag. The officers then observed the unidentified man enter a house. Taylor left defendant's house and was subsequently arrested. Over $25,000 in cash and over twelve pounds of marijuana were discovered in Taylor's vehicle.

Officer Nielsen then prepared, signed, and submitted to a magistrate an affidavit in support of an application for a search warrant to search 130 East 350 North. The affidavit primarily recounted the activities of Rex Taylor leading to his arrest. The following four paragraphs describe the transaction that occurred at defendant's house.

16. Taylor, via a long [and] circuitous route arrived at 130 East 350 North in Orem.

17. At 130 East 350 North, Orem, Utah, resides Bryant Collard. Collard has convictions for DUI and theft.

18. At 1:30 p.m. on April 29, 1989, I watched as Rex Taylor handed to an unknown white male in his 20's wearing a bright green shirt, a bag approximately the size of a plastic grocery bag. The unknown white male then turned and walked into one of the houses.

19. Taylor then left and drove to his mother's home located at 3460 North 475 East.

The magistrate issued a search warrant based on the affidavit. When the police arrived at defendant's home, he was informed that they had a search warrant. Defendant then delivered to the police 843 grams of marijuana, all of which lacked the statutorily required tax stamp. Defendant was charged with possession of a controlled substance (marijuana), a third degree felony, and possession of marijuana without affixing a state stamp to it, also a third degree felony.

In a motion to suppress, defendant challenged the search warrant arguing that the affidavit was deficient in that it failed to show probable cause as to why his house should have been searched. The trial court denied the motion finding that there were sufficient facts present to support the magistrate's finding of probable cause.

■ Following a bench trial, defendant was found guilty as charged. Defendant now appeals the trial court's denial of his motion to suppress the evidence discovered during the search of his residence. Defendant argues that the search violated his fourth amendment rights under the United States Constitution.[2] Specifically, defendant argues that the underlying affidavit lacked sufficient information to support a finding of probable cause because it did not specify which house defendant entered after receiving the bag.

This case presents the following issue: May a magistrate cure an ambiguity within a search warrant's supporting affidavit by construing the ambiguous statement to be consistent with the context in which it is used, such that probable cause exists to issue the search warrant?

■ When an issue is raised on appeal as to whether an affidavit contains sufficient facts to find probable cause for issuance of a search warrant, the reviewing court is not required to conduct a *de novo* review of the magistrate's probable cause determination. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983); *State v. Babbell*, 770 P.2d 987, 991 (Utah 1989). The reviewing court need only determine whether the issuing magistrate had a substantial basis for concluding that there were enough facts within the affidavit to find that probable cause existed. *Babbell*, 770 P.2d at 991. It is within

---

**2.** In addition to the fourth amendment claim, defendant cites art. 1, § 14 of the Utah Constitution in support of his search and seizure argument. As a general rule, we will not engage in a state constitutional analysis unless a party briefs a different analysis under the state constitution than that which flows from the federal Constitution. *State v. Ramirez*, 159 Utah Adv.Rep. 7, 13 (Utah 1991); *State v. Lafferty*, 749 P.2d 1239 (Utah 1988). No such analysis has been briefed so we decline to undertake any independent state constitutional analysis.

a magistrate's discretion to construe ambiguity within an affidavit. *Id.* at 992.

 " 'A grudging or negative attitude by reviewing courts toward warrants,' is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; 'courts should not invalidate warrant[s] in a hypertechnical, rather than common sense manner.' " *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331 (quoting *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965)). "The magistrate is obligated to render judgment based upon a common-sense reading of the affidavit." *State v. Treadway,* 28 Utah 2d 160, 499 P.2d 846 (1972); *see also State v. Stromberg,* 783 P.2d 54, 57 (Utah Ct.App.1989) (upholding trial court's finding that magistrate's finding of probable cause was based upon a "reasonable common sense belief"). We also note that the affidavit is to be considered "in its entirety." *State v. Anderson,* 701 P.2d 1099, 1102 (Utah 1985). Finally, in reviewing a magistrate's probable cause determination, the reviewing court should pay great deference to the magistrate's decision. *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331; *Babbell,* 770 P.2d at 991.

Even though the statement in the affidavit that the person "turned and walked into one of the houses" was ambiguous, when read in context, it was reasonable for the magistrate to interpret it as meaning defendant's house. "Once that reasonable construction was made, the magistrate had a 'substantial basis' for determining that there was a 'fair probability' that a search would uncover evidence." *Babbell,* 770 P.2d at 992 (quoting *Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332–33). Rex Taylor had stopped in front of defendant's house while in the midst of distributing illegal drugs and there transferred to a person a bag, the contents of which the officers suspected, in light of Taylor's arrest, to have contained illegal drugs. This fact was sufficient to support the magistrate's finding that there was a fair probability that illegal contraband could be found at defendant's address. Because the magistrate reasonably and consistently construed the ambiguous statement that the person receiving the bag "turned and walked into one of the houses" as referring to defendant's residence, the affidavit was sufficient to support the magistrate's finding of probable cause.

We recognize that whether there was probable cause in this case is a close question, but as the United States Supreme Court has stated: "[a]lthough in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference for warrants." *Gates,* 462 U.S. at 236–37 n. 10, 103 S.Ct. at 2331–32 n. 10 (quoting *Ventresca,* 380 U.S. at 109, 85 S.Ct. at 746).[3]

In exercising his discretion under *Babbell,* the magistrate reasonably construed the ambiguous phrase in the affidavit to mean defendant's residence. That interpretation was consistent with the context in which the statement was made. This construction combined with the remainder of the affidavit regarding Taylor's drug deliveries leads us to the conclusion that the

---

3. Although we conclude that the magistrate did not err in finding the affidavit sufficient, we must observe that this is a very close question. If the affidavit were more vague, we might well reach the opposite conclusion. Judges should be reluctant to base a probable cause determination on so poorly drafted an affida-

vit.... *A few short minutes spent in more carefully preparing this affidavit would have ensured the protection of the accused's constitutional rights while saving a substantial amount of time for the courts and parties.* *Babbell,* 770 P.2d at 992 n. 3.

magistrate had a substantial basis for finding probable cause to issue the warrant.

We therefore affirm defendant's conviction for possession of a controlled substance.[4]

JACKSON and RUSSON, JJ., concur.

4. Because we find the affidavit sufficient and the search constitutional, we need not address the State's alternative theory that the search was permissible under the "good faith exception" to the exclusionary rule. *See generally United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). "It is a fundamental rule that this court should avoid addressing constitutional issues unless required to do so." *State v. Anderson,* 701 P.2d 1099, 1103 (Utah 1985). *See also State v. Thompson,* 810 P.2d 415, 420 (Utah 1991) (leaving for "another day" the issue of whether to apply a good faith exception to the exclusionary rule to article 1, section 14 of the Utah Constitution).