**STATE of Utah, Plaintiff and Appellee,**

v.

**Michael Samuel WEAVER, Defendant and Appellant.**

No. 900284–CA.

Court of Appeals of Utah.

Sept. 6, 1991.

Karen Jane Stam and Ronald S. Fujino (argued), Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., and Charlene Barlow (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BILLINGS, GARFF and ORME, JJ.

## OPINION

GARFF, Judge:

Defendant, Michael Samuel Weaver, appeals from a conviction of theft, a third degree felony, in violation of Utah Code Ann. § 76-6-404 (1990).

On May 7, 1989 Dusty's Vans was burglarized. On May 12, 1989, a magistrate executed a search warrant authorizing a search of defendant's mother's residence, located in the duplex next to where defendant resided with his grandmother. On March 15, 1990, a district court judge denied defendant's motion to suppress evidence seized during the search holding that the warrant was valid. This motion was renewed and again denied at trial.

The search warrant was based upon an affidavit signed by Detective Leslie Kent Powers of the Salt Lake County Sheriff's Office. The affidavit enumerated Detective Powers's experience, which included one and one-half years as a detective and five years as a deputy sheriff. It then summarized a police report describing a burglary at Dusty's Vans. To wit: Someone pried open a metal door on the building in the late night, or early morning hours of May 6 or 7, 1989. The listed items removed from the building were valued at well over $1,000. The affidavit summarized a follow-up report containing the statements of Jay and Linda Lawrence, who reported that they were awakened at 7 a.m. on May 7, 1989 "by someone who was jumping back and forth over a fence between [their apartment] and Dusty's Vans." They saw a six-foot man, in his thirties, with short blond hair, wearing shorts and a black tank top. The Lawrences saw this man get into a blue Mitsubishi truck which had a temporary sticker in the rear window. They later identified defendant from a photospread.

The affidavit stated that defendant was currently on intense supervised parole for receiving stolen property; that Sally Powell, defendant's parole officer, reported that defendant "made numerous trips (5-6) between the houses and in fact was at the house to be searched on the evening of May 10, 1989." The affidavit stated that defendant's address was 1328 East 3900 South and that the house to be searched was that of defendant's mother at 1316 East 3900 South.

Powers concluded the affidavit by stating "through his experience and belief that Weaver, being on Intense Supervised Parole, would not keep stolen property at his primary residence knowing that such a place could and is routinely searched by Parole Officers." Therefore, Powers believed that the evidence would be located at the nearby residence of defendant's mother.

The affidavit requested no authority in the warrant greater than "that the home be searched during regular hours in a manner least intrusive to other occupants."

Defendant appeals the denial of his motion to suppress, claiming that the affidavit was insufficient to support the issuance of a search warrant under both the fourth amendment of the United States Constitution and Article I, Section 14 of the Utah Constitution.

## I. FEDERAL CONSTITUTIONAL CHALLENGE

### A. Totality of Circumstances

■ Defendant contends that the reviewing court erred in determining that the magistrate had probable cause to issue the warrant. A magistrate may issue a search warrant if there is probable cause to believe that the property to be seized was either unlawfully acquired or unlawfully possessed. Utah Code Ann. § 77-23-2 (1990). Probable cause is to be determined by the totality of the circumstances. *United States v. Leon*, 468 U.S. 897, 915, 104 S.Ct. 3405, 3416-17, 82 L.Ed.2d 677 (1984); *Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332-33, 76 L.Ed.2d 527 (1983).

Under this analysis, the magistrate must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband

or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238, 103 S.Ct. at 2332. *See also United States v. Dill*, 693 F.2d 1012, 1014 (10th Cir.1982) ("Probable cause is nothing more than a reasonable belief that the evidence sought is located at the place indicated by the policeman's affidavit.").

■ Our duty as a reviewing court is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Gates*, 462 U.S. at 238, 103 S.Ct. at 2332 (citations omitted). Because this court, like the reviewing court below, is bound by the contents of the affidavit, we therefore need not defer to the trial court's finding, but rather, we make an independent review of the trial court's determination of the sufficiency of the written evidence. *United States v. Freeman*, 685 F.2d 942, 948 (5th Cir.1982) (citing *United States v. Minis*, 666 F.2d 134, 138 (5th Cir.) *cert. denied*, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982)). *See also United States v. Pulvano*, 629 F.2d 1151, 1156–57 & n. 7 (5th Cir.1980).

■ In reviewing the magistrate's determination of the sufficiency of the affidavit, we are obliged to pay great deference to the finding of probable cause and we do not make a de novo review. *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331; *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 590–91, 21 L.Ed.2d 637 (1969); *State v. Brown*, 798 P.2d 284, 285 (Utah App.1990); *State v. Miller*, 740 P.2d 1363, 1366 (Utah App.1987). This deference is due, at least in part, to constitutional considerations: " 'A grudging or negative attitude by reviewing courts toward warrants,' is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant...." *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331 (quoting *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965)). *See also State v. Babbell*, 770 P.2d 987, 991 (Utah 1989); *State v. Collard*, 810 P.2d 884, 886 (Utah App.1991).

Defendant asserts that there was no probable cause to assume the evidence was in his mother's storage shed simply because he was on intense supervised parole, was observed jumping back and forth over the fence to Dusty's Vans on the night of the burglary, had reason to believe that the police were on his trail, and was subject to random searches of his house. In a sense, defendant suggests that the storage shed was *too* probable a place to stash the evidence, and therefore he would not have hidden it there.

■ In determining the probability that the evidence is where the affidavit says it is likely to be found, the magistrate need not decide whether it is more likely that the evidence may be elsewhere or whether a more prudent thief would have chosen a better location or would have moved it there more promptly. Rather, the affidavit need only address the *probability* of a specific location. *Dill*, 693 F.2d at 1014. Therefore, we find no error in the magistrate's determination of· probable cause.

### B. Sufficiency of the Affidavit

Next, defendant argues the affidavit was insufficient because the Lawrences' trial testimony differed from what the affidavit purported their testimony to be, and because it did not mention the possibility of another person being involved in the burglary who could possibly have disposed of the property in another location.

As to defendant's first insufficiency argument, that the affidavit misrepresented what the Lawrences would later testify to, the rule established by the United States Supreme Court, and restated by our supreme court in *State v. Nielsen* is as follows:

> a defendant is entitled to an evidentiary hearing to challenge the validity of a search warrant if the defendant can establish that (i) an affiant in an affidavit supporting a search warrant made a false statement intentionally, knowingly, or with reckless disregard for the truth, and (ii) the affidavit is insufficient to support a finding of probable cause after the misstatement is set aside.

*State v. Nielsen,* 727 P.2d 188, 191 (Utah 1986) *cert. denied,* 480 U.S. 930, 107 S.Ct. 1565, 94 L.Ed.2d 758 (1987) (citing *Franks v. Delaware,* 438 U.S. 154, 171–72, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978)). *See also Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965) ("Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area."); *State v. Slowe,* 728 P.2d 110, 111 (Utah 1985) ("The minor discrepancies that did occur did not undermine the essential truth of the allegations or rise to the level of knowingly, intentionally, or recklessly making a false statement.").

■ The Lawrences' testimony differed somewhat from what was restated in Kelly Powers' affidavit, which was attached to the search warrant. At trial, the Lawrences stated they awoke to the sounds of "the clanking of the fence." They looked out the window and saw "this guy jumping over a fence, throwing things over...." The "guy" walked over to the Lawrences' window to explain his conduct. They then saw him get into his truck and drive out of the apartment parking lot. This conversation was not reported in Powers's affidavit. We find this discrepancy with the affidavit to be inconsequential.

As to defendant's other insufficiency argument, that the affidavit did not mention the possibility of another person being involved in the burglary who could possibly have disposed of the property elsewhere, we find nothing in the case law that suggests that an affidavit must rule out every other possible location for the evidence.

### C. Nexus

Defendant's final challenge to the search warrant under the Fourth Amendment is that the affidavit failed to establish a nexus between the place searched and the evidence sought. *See e.g. United States v. Vastola,* 670 F.Supp. 1244, 1271 (D.N.J.1987). Specifically, defendant claims that the reported statement of Sally Powers, his parole officer, failed to provide such a nexus. Powers stated that four days after the burglary, defendant made

five to six trips between his residence and that of his mother. Defendant claims that nothing was unusual or suspicious about his making many trips between the two residences because he lived with his grandmother and the residence to be searched was that of his mother, who lived in the next duplex. Weaver claimed it was not unusual for him to go back and forth between the two houses to use his mother's washer and telephone. Defendant claims that, because the affidavit failed to rule out or to explain away any and all innocent reasons for the numerous trips between the two residences, the magistrate clearly erred in determining probable cause.

■ Probability of criminal activity, rather than conclusive evidence or a prima facie showing, is the basis upon which a search warrant may issue. *State v. Fort,* 572 P.2d 1387, 1389 (Utah 1977). Further, the affiant need only have a "sufficient knowledge of the probability" of the commission of a crime or the location of the evidence, not a certain knowledge. *State v. Tapp,* 26 Utah 2d 392, 490 P.2d 334, 337 (1971). *See also United States v. Dill,* 693 F.2d 1012, 1014 (10th Cir.1982) ("Probable cause for a search warrant is nothing more than a reasonable belief that the evidence sought is located at the place indicated by the ... affidavit."). Therefore, while the innocent explanations for the trips may have some bearing on the overall consideration of probability, these explanations do not rule out the probability that the property taken in the burglary was located at defendant's mother's address.

### II. UTAH CONSTITUTIONAL CHALLENGE

Defendant argues that article I, Section 14 of the Utah Constitution requires us to reject the totality of the circumstances analysis found in *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), and to adopt the earlier two-pronged analysis of the credibility of the informant and reliability of the information found in *Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964) and in *Spinelli v. United States,*

393 U.S. 410, 415, 89 S.Ct. 584, 588–89, 21 L.Ed.2d 637 (1969). Unlike the present case, where the affidavit identifies those providing information, *Gates, Aguilar* and *Spinelli*, each deal with warrants based upon a confidential informant's information. Here, two of the informants were witnesses to the burglary and lived next door to the burglary site, and the third was defendant's parole officer. Given these facts, the magistrate had sufficient indicia of reliability upon which to rely. Absent anything on the face of the affidavit raising a doubt, such as a reference to a confidential informant, the magistrate had no reason to doubt the credibility of the named informants or the reliability of their information. Because the affidavit withstands both the *Aguilar–Spinelli* test and the *Gates* test, we need not determine whether the Utah Constitution requires us to choose between them.

Defendant's conviction is affirmed.

BILLINGS, J., concurs.

ORME, Judge (concurring):

I concur in the court's opinion but write separately to express some trepidation at the United States Supreme Court's willingness to grant so much deference to the magistrate's determination of probable cause when it is based solely on a written affidavit. The stated reason, as alluded to in the main opinion, is to encourage the use of warrants. *See Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983) ("If the affidavits submitted by police officers are subjected to the type of scrutiny some courts have deemed appropriate, police might well resort to warrantless searches...."). This strikes me as quite unsatisfying. It should be reason enough to rigidly require the use of warrants that the Constitution requires them and further requires that they be supported by probable cause.[1] U.S. Const. amend. IV. If some deference is due the magistrate's determination, it should be premised on some firmer basis.

For example, appellate courts sometimes accord deference where someone else has superior expertise. *See, e.g., Taylor v. Utah State Training School,* 775 P.2d 432, 434 (Utah App.1989). Perhaps the magistrate's determination is entitled to some deference because the magistrate will see innumerable affidavits accompanying warrant requests in a year's time, while appellate courts will review decisions to grant warrants only infrequently. Maybe the magistrate becomes a kind of probable cause expert as compared to appellate judges, and maybe that expertise should be recognized and deferred to.

Alternatively, some deference might be in order because the statements in the affidavit might be expanded upon, or any ambiguities clarified, in the course of the warrant applicant's colloquy with the magistrate. *Cf. Wilburn v. Interstate Elec.,* 748 P.2d 582, 584–85 (Utah App.1988) (while appellate court will construe unambiguous contract as a matter of law, deference is accorded to findings which proceed from extrinsic evidence offered to clarify ambiguous contract), *cert. dismissed,* 774 P.2d 1149 (Utah 1989). Perhaps the appellate court, not being privy to these explanations, should defer to someone who is. (On the other hand, such explanations should be made of record even if only by appropriate interlineation of the affidavit.)

Finally, perhaps some deference is due to reflect the institutional disadvantage under which the magistrate operates. The magistrate acts alone in considering warrant applications, often under hurried circumstances with minimal time for reflection or research. By contrast, appellate judges have the luxury of group decision-making, more time, and research assistance. *See State v. Vigil,* 815 P.2d 1296, 1298 (Utah App.1991). Perhaps in a very close case it is appropriate, in recognition of this institutional disadvantage, to affirm a probable cause determination that is found to be technically flawed upon close scrutiny, if a magistrate acting in good faith could nonetheless reasonably have concluded there was probable cause.

---

**1.** Significantly, the Fourth Amendment does not speak in terms of what is arguably probable cause or what might have seemed at the time to be probable cause.

While rejecting the articulated basis for the federal courts' willingness to defer, I am open to consideration of these other grounds for according deference to the magistrate. But on the surface, one wonders why a detailed, written affidavit should not be reviewed by an appellate court in the same way as other writings not requiring testimony (and thus a chance to judge credibility) to understand what they mean—as posing a question of law, with no particular deference accorded. *See, e.g., Zions First Nat'l Bank v. National Am. Title Ins.,* 749 P.2d 651, 653 (Utah 1988) (issues of contract interpretation not requiring consideration of extrinsic evidence are matters of law); *Wilburn,* 748 P.2d at 584 ("When a contract is unambiguous, its interpretation is a question of law."). Either an affidavit establishes probable cause or it does not. No credibility issues exist; no evidence has to be weighed. Why should not the appellate court read the affidavit and decide for itself the conclusion to be drawn, like it would with a written contract?

For my part, even if no deference was due the magistrate's determination, I would still vote to affirm. The written affidavit in this case clearly and unambiguously establishes probable cause to believe stolen goods would be found at the nearby place defendant frequented. With or without deference, the probable cause determination in this case may be readily sustained.