**STATE of Utah, Plaintiff and Respondent,**

v.

**Jerry L. LOCKE, Defendant and Appellant.**

**No. 19067.**

Supreme Court of Utah.

Aug. 3, 1984.

Brooke C. Wells, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Ted Cannon, County Atty., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant was convicted by the trial judge, sitting without a jury, of a felony burglary and a misdemeanor theft. He appeals and contends that the officer who testified on behalf of the prosecution was not a fingerprint expert under Rule 702, Utah Rules of Evidence, for lack of the "knowledge, skill, experience, training or education" therein required. Defendant argues that by permitting the officer to testify, the trial court committed prejudicial error requiring reversal of the convictions.

At the time of trial, the officer had been in law enforcement for 5 years, 1½ of which as an identification technician. He was graduated from the Institute of Applied Science in fingerprint identification, after a 13-month home study course and had taken a 40-hour "latent print" course with the FBI. He had processed five sets of prints per week for a year and a half, and had been involved in 1,000 separate cases. He was a member of the Intermountain Association for Identification and he keeps abreast of the developments in this field. The defendant offered no professional or other witness to prove or even create a doubt as to the officer's ability to render an opinion probative of the identity of the person whose prints are the subject of identification, nor did defendant offer any evidence tending to rebut the testimony of the officer that the prints were, in fact, those of defendant.

The matter of qualification of an expert witness lies in the discretion of the court.[1] The trial judge found the officer

---

1. *State v. Clayton,* Utah, 646 P.2d 723 (1982); *Marsh v. Irvine,* 22 Utah 2d 154, 449 P.2d 996 (1969).

competent to testify, and from a review of the record we find no compelling reason to find that he abused his discretion in making this finding.

The convictions and sentences are affirmed.