Kathy KENT, Plaintiff and Appellant,

v.

PIONEER VALLEY HOSPITAL; Robert S. Keddington, M.D.; Western Emergency Physicians; and John/Jane Does 1–10, Defendants and Appellees.

No. 960131–CA.

Court of Appeals of Utah.

Jan. 3, 1997.

J. Douglas Kinateder, Salt Lake City, for Plaintiff and Appellant.

David H. Epperson and Bruce M. Pritchett, Jr., Hanson, Epperson & Smith, Salt Lake City, for Defendants and Appellees.

Before WILKINS, Associate P.J., and BILLINGS and GREENWOOD, JJ.

## OPINION

BILLINGS, Judge:

Plaintiff Kathy Kent appeals the trial court's grant of summary judgment in favor of defendant Pioneer Valley Hospital. We affirm.

### FACTS

■ In reviewing a grant of summary judgment, we recite the facts in the light most favorable to the nonmoving party. *Butterfield v. Okubo*, 831 P.2d 97, 99 (Utah 1992).

Plaintiff went to Pioneer Valley Hospital with a migraine headache and was treated with an injection of Demerol and Phenergan. Plaintiff claims that this shot, administered to her by a nurse and prescribed by Dr. Robert S. Keddington, caused her "immediate extreme pain and discomfort." Plaintiff complained to the nurse about the pain, and a few minutes later she slid down a wall because of the pain. Plaintiff brought this action claiming the injection was given outside the acceptable quadrant of the buttocks and caused her permanent sciatic nerve damage.

The hospital moved for summary judgment and submitted a supporting affidavit from Connie Wheeler, a registered nurse. Ms. Wheeler's affidavit stated there was no breach of the standard of care owed to plaintiff. In response, plaintiff submitted an affidavit from Debbie Schimmer, also a registered nurse. Ms. Schimmer's affidavit stated she had reviewed documents pertaining to the case and personally examined plaintiff. In her opinion, the doctor and nurse at Pioneer Valley Hospital who treated plaintiff deviated from the standard of care in their treatment of plaintiff. Additionally, she opined that the tender spot she had examined on plaintiff was not in the standard area for injections but in the area of the sciatic nerve.

The trial court granted summary judgment for the hospital, concluding: "Plaintiff's affidavit has failed to establish a prima facie case of medical malpractice by the affidavit of an expert who is competent to testify on the applicable standard of care for nurses in

the same or similar community as Pioneer Valley Hospital, or on proximate causation of sciatic nerve injury." Plaintiff appeals.

## ANALYSIS

Plaintiff claims the trial court improperly granted summary judgment because the affidavits of the medical experts for the parties created disputed material facts as to causation and the trial court abused its discretion in determining that Ms. Schimmer lacked qualification as an expert.[1]

Summary judgment is appropriate only where there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. Utah R. Civ. P. 56(c). "Because summary judgment is a conclusion of law, we give no deference to the trial court's conclusions of law but review those conclusions for correctness." *Dalley v. Utah Valley Regional Med. Ctr.*, 791 P.2d 193, 195 (Utah 1990).

Utah courts have required plaintiffs asserting a claim of medical malpractice to prove

(1) the standard of care required of physicians under similar circumstances practicing in the same field or specialty, (2) that the applicable standard of care was breached, (3) that the injury to the plaintiff was proximately caused by the defendant's negligence, and (4) that damages occurred as a result of defendant's breach of duty.

*Id.* (footnotes omitted). "A plaintiff's failure to present evidence that, if believed by the trier of fact, would establish any one of the [elements] of the prima facie case justifies a grant of summary judgment to the defendant." *Dikeou v. Osborn*, 881 P.2d 943, 946 (Utah App.1994). In this case, the trial court determined plaintiff failed to establish a prima facie case because the expert witness affidavit plaintiff relied on was not from an expert who was competent to testify on the standard of care in the community[2] or on proximate causation.

Because of the complex issues involved in a determination of proximate cause in a medical malpractice case, the plaintiff must provide expert testimony establishing that the health care provider's negligence proximately caused plaintiff's injury.[3] *Chadwick v. Nielsen*, 763 P.2d 817, 821 (Utah App.1988) ("Due to the technical and complex nature of a medical doctor's services, expert medical testimony must be presented at trial in order to establish the standard of care and proximate cause."); *see Nixdorf v. Hicken*, 612 P.2d 348, 354 n. 17 (Utah 1980) (holding plaintiff has burden of proving with some expert testimony that defendant's negligence was proximate cause of injury). Furthermore, to establish proximate cause, the plaintiff is required to produce an expert witness who is acquainted with the standards of care in the same or a similar field as the defendant. *Chadwick*, 763 P.2d at 822.

It is within the discretion of the trial court to determine whether a particular witness qualifies as an expert and to rule on the admissibility of the expert's testimony. *See* Utah R. Evid. 702; *State v. Locke*, 688 P.2d 464, 464 (Utah 1984) (per curiam).

By definition, an expert is one who possesses a significant depth and breadth of knowledge on a given subject. To allow a doctor in one specialty, retained as an expert witness, to become an "expert" on the standard of care in a different medical

---

1. Although the hospital raises the issue of whether the trial court was within its discretion to deny plaintiff's motion to submit additional affidavits, plaintiff has not challenged this ruling on appeal. We therefore decline to consider the issue. *See Van Der Stappen v. Van Der Stappen*, 815 P.2d 1335, 1340 (Utah App.1991) (refusing to consider issues not raised in appellant's brief). Accordingly, we will review the issues presented using only the affidavits properly before the trial court on summary judgment.

2. At oral argument, counsel for the hospital conceded the court's ruling on standard of care in the community was in error and we agree, but we uphold the trial court's grant of summary judgment on an alternative basis.

3. We note there are certain limited situations where expert testimony of proximate causation is not needed; however, we are not faced with such an exception in this case. *See Chadwick v. Nielsen*, 763 P.2d 817, 821–22 (Utah App.1988) (leaving medical instrument inside patient's body and not informing patient is type of situation not requiring expert testimony because proximate cause is obvious to laypersons).

specialty by merely reading and studying the documents in a given case invites confusion, error, and a trial fraught with unreliable testimony.

*Dikeou,* 881 P.2d at 947.

■ In this case, to withstand summary judgment, plaintiff must at least create a material issue of fact as to whether the allegedly negligent injection was the proximate cause of her nerve damage, and that she, in fact, suffered damages as a result. The hospital argues that Ms. Schimmer, as a nurse, is not qualified to give an opinion as to proximate causation of nerve damage based on a letter from a neurologist or doctor's records from the hospital. We agree.

■ Although a nurse may well be trained in the proper location to administer injections, we are not persuaded that a nurse is qualified to opine as to nerve damage caused by an allegedly improper injection. Under *Dikeou,* one cannot become an expert in another specialty merely by "a review of the documents in the particular case." *Id.* Further, Ms. Schimmer's affidavit does not provide the requisite foundation to qualify her as an expert capable of testifying as to the proximate cause of plaintiff's alleged nerve damage. An affidavit from plaintiff's neurologist would have been more appropriate.[4]

We cannot conclude the trial court abused its discretion in determining that Ms. Schimmer was not qualified to testify as to the proximate cause of plaintiff's alleged nerve damage. Accordingly, we conclude plaintiff provided insufficient evidence on causation and thus failed to establish a prima facie case of negligence. *See Clark v. Farmers Ins. Exch.,* 893 P.2d 598, 601 (Utah App.1995) (" 'When the proximate cause of an injury is left to speculation, the claim fails as a matter of law.' " (citation omitted)). Therefore, summary judgment was appropriate, and we affirm.

WILKINS, Associate P.J., and GREENWOOD, J., concur.

---

4. Plaintiff claims application of *Butterfield v. Okubo,* 831 P.2d 97 (Utah 1992), to this case eliminates the need for the affidavit of a physician on the issue of proximate cause. We disagree. In *Butterfield,* the expert testimony on causation was from a licensed physician whose familiarity with the standard of care for an emergency room and primary pediatric physician was unchallenged. *Id.* at 100. The only inference the *Butterfield* court allowed was as to the chain of causation. *Id.* at 102.